IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TRISTAN BALDWIN,

    Plaintiff,

v.                                    Case No. 2:24-cv-00538
                                      Case No. 2:25-cv-00009

DERRICK WILLIAMS, *et al.*,

    Defendants.

### ORDER AND NOTICE

On October 2, 2024, Tristan Baldwin ("Plaintiff"), filed a civil rights complaint alleging a use of excessive force during an arrest on or about September 18, 2023. (Case No. 2:24-cv-00538, ECF No. 2). In that complaint, Plaintiff named as defendants United States Deputy Marshal Derrick Williams, two other as-yet unidentified United States Deputy Marshals ("2 unidentified Marshals"), and an as-yet unidentified Kanawha County Deputy Sheriff ("1 unidentified Kanawha County Sheriff"), who are currently designated as "John Does." (*Id.*) Thereafter, Plaintiff was granted leave to file an Amended Complaint (*Id.*, ECF Nos. 19, 20), naming the same defendants. Plaintiff has been permitted to proceed *in forma pauperis* (*Id.*, ECF No. 4) and the Amended Complaint was served on Defendant Derrick Williams on December 20, 2024. (*Id.*, ECF No. 21).

However, on January 8, 2025, Plaintiff filed another virtually identical complaint naming the same defendants, which was used to open a separate civil action, Case No. 2:25-cv-00009. Both civil actions are assigned to the Honorable Joseph R. Goodwin,

United States District Judge, and both matters are referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Also pending in Case No. 2:25-cv-00009 are two Applications to Proceed Without Prepayment of Fees and Costs (ECF Nos. 1 and 4) and a Letter-Form Motion for Appointment of Counsel and for Issuance of Subpoenas (ECF No. 5).

Because Plaintiff's complaints are nearly identical, these matters arise out of the same transaction or occurrence and may be litigated in the same civil action, for which Plaintiff would only be responsible for one filing fee. Thus, it is hereby **ORDERED** that Case Nos. 2:24-cv-00538 and 2:25-cv-00009 are **CONSOLIDATED**, with 2:24-cv-00538 being the lead case, and all further documents being docketed only therein. It is further **ORDERED** that Plaintiff's Complaint in Case No. 2:25-cv-00009 is **STRICKEN FROM THE RECORD** as duplicative of the Amended Complaint in Case No. 2:24-cv-00538, and Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (ECF Nos. 1 and 4) and his Letter-Form Motion for Appointment of Counsel and for Issuance of Subpoenas (ECF No. 5) in Case No. 2:25-cv-00009 are **DENIED AS MOOT**.

Pending before the Court in Case No. 2:24-cv-00538 is Plaintiff's Motion for Appointment of Counsel (ECF No. 16).[1] There is no right to appointment of counsel in a civil action such as this, and, pursuant to 28 U.S.C. § 1915(e)(1), the Court may only ask an attorney to represent Plaintiff but does not have the power to mandate that an attorney accept such representation or to provide for payment for such representation. A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the Court's

---

[1] Plaintiff has also filed two motions for issuance of subpoenas (ECF Nos. 10 and 14) which will be addressed by separate Order.

2

discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

Recently, the Fourth Circuit held that, in determining whether such exceptional circumstances exist, courts must assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities. *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024). The *Jenkins* Court further emphasized that "a district court should consider a litigant's carceral status, educational background, legal understanding, mental illness, and ability to access both legal research materials and evidence, as well as whether the case depends on the competing credibility of witnesses, who the pro se litigant would have difficulty cross-examining without the aid of a lawyer." *Brightwell v. Temesgen*, No. CV BAH-23-797, 2024 WL 3597192, at *9 (D. Md. July 31, 2024) (citing *Jenkins*, 109 F.4th at 248-49). Plaintiff's motion wholly fails to address these factors.

This is not a complex case, and the undersigned **FINDS** that there are no exceptional circumstances that would warrant the court seeking counsel to represent Plaintiff in this matter at the present time. At this stage of the proceedings, the Court has yet to determine the plausibility of Plaintiff's claims for relief and there is a pending motion to dismiss. Plaintiff has not presently demonstrated an inability to prosecute his claim in this court or that he suffers from any severe mental impairment that would prohibit him from doing so. Nor does Plaintiff's motion indicate what attempts he has made to seek counsel on his own. Accordingly, Plaintiff's Letter-Form Motion for Appointment of Counsel (ECF No. 16) is hereby **DENIED WITHOUT PREJUDICE**.

Also pending before the Court is Defendant Derrick Williams' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 32). Pursuant to the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff is hereby **NOTIFIED** that he has the right and an obligation to file a response to this motion. To the extent that Defendant's motion to dismiss is treated as a motion for summary judgment, Plaintiff is further advised that he has an obligation to submit evidence, including affidavits or statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting his position in the case and rebutting that offered by Defendant. Plaintiff is advised that factual statements in affidavits submitted by the Defendant will be accepted as true unless Plaintiff sets forth facts in his response indicating the existence of a genuine or actual dispute of material fact for trial. In the response, Plaintiff must set out either in his own affidavit or sworn statement, or the affidavits or sworn statements of other witnesses, specific facts that show that Plaintiff and Defendant actually disagree about one or more important facts present in this case. In the affidavits and exhibits, Plaintiff should address, as clearly as possible, the issues and facts stated in the Amended Complaint and in the affidavits or other evidence submitted by Defendant.

Plaintiff is also advised that a failure to respond to Defendant's motions may result in entry of summary judgment denying the relief sought in the Amended Complaint and dismissing the suit. In preparing a response, Plaintiff should be aware that a knowing assertion of a falsehood to avoid dismissal could, if proven, constitute perjury punishable by law. It is hereby **ORDERED** that Plaintiff's response shall be filed by **April 4, 2025**. It is further **ORDERED** that Defendants may file a reply brief by **April 18, 2025**.

Plaintiff is further **NOTIFIED** that, pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, he must promptly notify the Clerk of Court and Defendants' counsel of any changes in his contact information, including his transfer or release from his present correctional facility. Plaintiff is again **NOTIFIED** that the failure to comply with this requirement will result in the recommended dismissal of this matter for failure to prosecute.

The Clerk is directed to docket this Order and Notice in both civil actions before administratively closing Case No. 2:25-cv-00009, to mail a copy of this Order and Notice to Plaintiff, and to transmit a copy to counsel of record.

ENTER:    March 4, 2025

Dwane L. Tinsley
United States Magistrate Judge

5